**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5079-15T2

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

v.

SOLIMAN YOUSSEF,

       Defendant-Appellant.

_____

Submitted July 13, 2017 — Decided July 25, 2017

Before Judges Yannotti and Haas.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Municipal
Appeal No. 1-2016.

Soliman Youssef, appellant pro se.

Anthony M. Campisano, attorney for respondent.

PER CURIAM

    Defendant Soliman Youssef appeals from a June 24, 2016 order of the Law Division that, following a trial de novo on defendant's appeal from the Metuchen Municipal Court, found defendant guilty of violating Section 22-346 of the South Brunswick Township Municipal Code, which requires all owners of rental units to obtain

a certificate of compliance from the Township prior to renting the units to tenants. The trial judge imposed a $1000 fine, together with $33 in court costs. We affirm.

By way of background, our Supreme Court has long held that it is constitutionally permissible for municipalities, like the Township in this case, to enact and enforce local housing codes governing rental property in order to protect and preserve the public health, safety, and welfare of the community. Dome Realty, Inc. v. Paterson, 83 N.J. 212, 226-27 (1980). In addition, N.J.S.A. 40:48-2.12m provides clear legislative authority for such local ordinances. This statute states:

> The governing body of a municipality may adopt ordinances regulating the maintenance and condition of any unit of dwelling space, upon the termination of occupancy, in any residential rental property for the purpose of the safety, healthfulness, and upkeep of the structure and the adherence to such other standards of maintenance and condition as are required in the interest of public safety, health and welfare. Such ordinances shall require the owner of any residential rental property, prior to rental or lease involving a new occupancy of any unit of dwelling space in such property, to obtain a certificate of inspection or occupancy for the unit of dwelling space. Such certificate of inspection or occupancy shall be issued by the municipality upon the inspection of the unit of dwelling space by a municipal inspector and his [or her] findings that such unit meets the standards provided by law. The municipality may charge a fee to fund the costs of the inspections and the issuance of the

2

certificates. For purposes of this act "owner" means the person who owns, purports to own, or exercises control of any residential rental property.

[N.J.S.A. 40:48-2.12m.]

Pursuant to this well-established authority, the Township enacted Section 22-346 of its municipal code. In pertinent part, Section 22-346(c)(1) states that "[t]he owner . . . of every rental dwelling unit offered for rental shall be required to have an inspection of the facility done by the rental inspection officer prior to the rental thereof." "[U]pon satisfactory inspection" of the unit, "[t]he rental inspection officer . . . shall issue a certificate of compliance" to the owner of the rental unit. Section 22-346(e)(1). The owner of a rental unit may not rent the unit to a tenant until he or she has obtained the required certificate of compliance. Section 22-346(e)(2). A new inspection and a certificate of compliance is required each time the unit is rented to a new tenant. Ibid.

Turning to the present matter, the facts developed at the July 24, 2015 municipal court trial are not in dispute. Defendant owns a residence in the Township, which he has rented to tenants at least three times in the past. Sometime prior to June 26, 2014, defendant rented the property to a tenant, who thereafter lived in the residence. Defendant did not obtain a certificate

of compliance or have the property inspected as required by Section 22-346 prior to renting it.

On June 26, 2014, the Township's zoning enforcement officer visited defendant's property. The officer spoke to the tenant, who advised him that she had recently moved into the residence and that defendant was her landlord. The officer confirmed through the municipal tax records that defendant was the owner of the property. The Township's records also revealed that defendant did not have a certificate of compliance.

Later that day, the officer sent a letter to defendant advising him that he needed to have the property inspected and obtain a certificate of compliance before renting his property. The officer enclosed an application for the certificate, along with a landlord registration packet, and a copy of the Township's residential rental housing code. The officer also warned defendant that if he failed to comply, he was subject to a monetary penalty.

Defendant received the officer's letter, but advised the officer in a June 30, 2016 reply that he was not going to comply with the Township's ordinance. Upon receipt of defendant's letter, the officer waited thirty days and then, on August 8, 2014, issued a summons to defendant, alleging a violation of Section 22-346.

At the municipal court trial,[1] the Township presented the testimony of the zoning officer. Defendant testified on his own behalf and admitted that he rented the property to a tenant without first having the property inspected by the rental inspection officer or obtaining the required certificate of compliance.

On July 24, 2015, the municipal court judge found defendant guilty of violating Section 22-346. After reviewing the matter de novo, the trial judge also found defendant guilty beyond a reasonable doubt of violating the ordinance by renting his property without an inspection and a certificate of compliance. In a thorough written opinion, the judge considered each of defendant's contentions and found that they lacked merit.

Defendant argued that the Township's ordinance was unconstitutional. In rejecting this argument, the trial judge cited the Supreme Court's decision in Dome Realty, where the Court held that municipalities may enact ordinances under the authority of N.J.S.A. 40:48-12m to require property owners to obtain municipal approval before renting their property to tenants. Supra, 83 N.J. at 227-28.

---

[1] Because defendant had several lawsuits pending against the Township in the South Brunswick Township Municipal Court, the matter was transferred to the Metuchen Municipal Court for resolution.

Defendant also asserted that the Township zoning enforcement officer improperly searched his property in violation of the Fourth Amendment. However, the trial judge reviewed the entire record and found no evidence that any such search occurred because the officer had merely spoken to defendant's tenant. In addition, defendant admitted that he had rented the property in the past, was currently renting it, and had never obtained the required certificate of compliance.

Defendant also alleged that the municipal court judge barred him from presenting testimony and documentary evidence, never told him what evidence the judge considered or why the judge found him guilty of violating the ordinance, and allowed too many adjournments of the trial. As the trial judge expressly found, however, the municipal court judge did not limit defendant's presentation in any way, and rendered an oral decision fully setting forth his findings of fact and conclusions of law at the end of the trial. In addition, the trial judge reviewed the matter de novo and rendered a new decision.

Finally, defendant argued that the Township should have been estopped from prosecuting him for his violation of the ordinance. In finding that this argument also lacked merit, the trial judge noted that there was no evidence in the record that the Township ever "misled or misinformed [d]efendant regarding the illegality

of renting his property or the steps he needed to take to comply with the ordinance." Moreover, the Township zoning enforcement officer gave defendant an opportunity to comply with the ordinance by submitting to an inspection and obtaining the required certificate of compliance. Instead, defendant knowingly continued to violate Section 22-346. This appeal followed.

On appeal, defendant raises the same contentions that he unsuccessfully presented to the trial judge. Our standard of review requires us to assess whether there was "sufficient credible evidence" in the record to uphold the Law Division's findings. State v. Johnson, 42 N.J. 146, 162 (1964). We must determine whether the findings of the Law Division "could reasonably have been reached on sufficient credible evidence present in the record." Id. at 162. When we are satisfied that the findings and conclusions of the Law Division meet that criterion, our "task is complete[,]" and we "should not disturb the result." Ibid. Notwithstanding the foregoing, our review of the legal conclusions that flow from established facts is plenary. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Applying these principles, we are satisfied that defendant's contentions on appeal are clearly without merit and do not warrant further discussion. R. 2:11-3(e)(2). We affirm substantially for

A-5079-15T2

the reasons set forth in the trial judge's comprehensive written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5079-15T2